UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA FORT LAUDERDALE DIVISION

ACCESS NOW, INC., and
EDWARD RESNICK,

**00-6183**

    Plaintiffs,

CASE NO.:

**CIV-GRAHAM**

vs.

FMC PLANTATION LIMITED
PARTNERSHIP,

MAGISTRATE JUDGE
TURNOFF

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ACCESS NOW, INC. and EDWARD RESNICK

("Plaintiffs"), through their undersigned counsel, hereby sue the

Defendant, FMC PLANTATION LIMITED PARTNERSHIP (hereinafter referred

to as "FMC"), for injunctive relief, attorney's fees and costs

pursuant to 42 U.S.C. §12181 <u>et. seq.</u>, ("AMERICANS WITH

DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief

pursuant to Title III of the Americans With Disabilities Act, 42

U.S.C. §12181 <u>et. seq.</u> (hereinafter referred to as the "ADA").



*Access Now v.*
*Complaint*
*Page 2*

This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 343.

2.    Venue is proper in this Court, Fort Lauderdale Division pursuant to 28 U.S.C. §1391(B) and Local Rules of the United States District Court for the Southern District of Florida.

3.    Plaintiff, EDWARD RESNICK (hereinafter referred to as "RESNICK") is a resident of the State of Florida and is a qualified individual with a disability under the ADA who was denied access to the subject property of Defendant which is the subject of this lawsuit.

4.    Plaintiff, ACCESS NOW, INC., is a non-profit corporation organized and existing under the laws of the State of Florida ("Association"). The Association's members consist of, among other things, qualified individuals with disabilities under the ADA. The primary purpose of the Association is to represent its members to assure that public spaces and commercial premises are accessible to and useable by its members, to assure its members that they will not be excluded from participation in or be denied the benefits of the services, programs or activities of public accommodations, and to assure its members that they are not discriminated against because of their disabilities, the Association and its members have suffered direct and indirect injury as a result of the Defendant's

*Access Now v.*
*Complaint*
*Page 3*

actions or inaction described herein.   The Association also has been discriminated against because of its association with its members and their claims.

5.    The Defendant, FMC, is a Florida Corporation which is authorized to conduct and which is in fact conducting business within the State of Florida.  Upon information and belief, FMC is the owner, lessee and/or operator of the real property and improvements which are the subject of this action, commonly referred to as the Fashion Mall at Plantation, 321 North University Drive, Plantation, Florida,(hereinafter referred to as the "Building" or "Premises").

6.    All events giving rise to this lawsuit occurred in Broward County, Florida.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

7.    On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

8.    Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. § 36.104,

-3-

*Access Now v.*
*Complaint*
*Page 4*

the Fashion Mall at Plantation, 321 North University Drive, Plantation, Florida is a place of public accommodation in that it is a shopping mall which provides services to the public.

9.   Defendant FMC, has discriminated, and continues to discriminate against the Plaintiffs, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at 321 North University Drive, Plantation, Florida in derogation of 42 U.S.C. §12101 et. seq.

10.   The Plaintiffs have been unable to enjoy access to, and the benefits of, the accommodations and services offered at the Fashion Mall at Plantation.

11.   Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12.   The Fashion Mall at Plantation is in violation of 42 U.S.C. §12181 et.seq. and 28 C.F.R. 36.302 et. seq., and is discriminating against the Plaintiffs as a result of inter alia, the following specific violations:

-4-

*Access Now v.*
*Complaint*
*Page 5*

A.  There are not a sufficient number of parking spaces which meet the requirement of Section 4.6 of the ADA.  Additionally, many of the access isles adjacent to the alleged accessible spaces are not in compliance with the ADA.

B.  There are not curb ramps nor an accessible path of travel near many of the alleged accessible parking spaces.

C.  At the Macy's entrance from the parking garage on the third floor, the ramp is sloped at an angle which is higher than permitted by the ADA in Section 4.13.6 and Section 4.8.2.  Additionally, there are no hand rails on this ramp which is in violation of Section 4.8.5 of the ADA.

D.  At the mall entrance on the third level of the parking garage the two ramps of the èntrance doors do not have sufficient hand rails.  This is in violation of Section 4.8.5 of the ADA.

E.  There is no accessible path of travel from the parking spaces on the fifth level of the garage to the shopping mall.

F.  The men's toilet stall in the restroom on the ground floor has no door handle on the inside of the stall in violation of the ADA.  Additionally, the coat hook is too high and the lavatory drain pipe projects off the fixture wall by a distance which is greater than is permitted by the ADA.

G.  There are no accessible TDD equipped telephones in the mall.  This is in violation of the ADA.

H.  No section of the service counter in the mall office on the ground level is accessible in that electronic equipment has been permanently placed at the lower section of the counter, preventing employees from being able to provide service to patrons at that location.

*Access Now v.*
*Complaint*
*Page 6*

    I.    The men's restroom at the North end of the ground level does not have a standard accessible toilet stall. The toilet paper dispenser is mounted above the grab bar preventing use of the grab bar. The urinals are higher than the maximum height for an accessible urinal and there is no accessible lavatory in this restroom. Additionally, the latch side clear maneuvering space at the pull side of the door to this restroom is too wide, in violation of Section 4.13.6 of the ADA.

    J.    The elevator in the mall does not have audible signals which are at such a level that they can be heard over the noise generated by the fountain at the location of this elevator.

    K.    On the second floor by Lord & Taylor department store, the drinking fountain is not accessible by people with disabilities in that a pipe is located under the required fountain knee space.

    L.    On both the second and third floor, the paths of travel from the elevator to stores south of the elevator contain ramps. These ramps have no handrails in violation of Section 4.8.5 of the ADA.

    M.    In the food court on the third level, the food service counters are significantly higher than the maximum height allowed by Section 7 of the ADA. None of these counters had lower sections nor were any auxiliary counters provided.

13.  Upon information and belief, there are other current violations of the ADA at 321 North University Drive, Plantation, Florida and only once a full inspection is done can all said violations be identified.

*Access Now v.*
*Complaint*
*Page 7*

14.  To date, the readily achievable barriers and other
violations of the ADA still exist and have not been remedied
or altered in such a way as to effectuate compliance with the
provisions of the ADA.

15.  Pursuant to the ADA, 42 U.S.C. §12101 <u>et. seq.</u>,and 28
C.F.R.  §36.304, FMC was required to make the Fashion Mall at
Plantation, 321 North University Drive, Plantation, Florida, a
place  of  public  accommodation,  accessible  to  persons  with
disabilities by January 28, 1992.  To date, FMC has failed to
comply with this mandate.

16.  The Plaintiffs have been obligated to retain undersigned
counsel for the filing and prosecution of this action.  Plaintiffs
are entitled to have its reasonable attorney's fees, costs and
expenses paid by FMC, pursuant to 42 U.S.C. §12205.

17.  Pursuant to 42 U.S.C. §12188, this Court is vested with
the authority to grant Plaintiff's injunctive relief, including an
order  to  alter  the  subject  facilities  to  make  them  readily
accessible to, and useable by, individuals with disabilities to
the extent required by the ADA, and closing the subject facilities
until the requisite modifications are completed.

WHEREFORE, the Plaintiffs demand judgment against FMC and
request the following injunctive and
declaratory relief:

*Access Now v.*
*Complaint*
*Page 8*

A.  That the Court declare that the property
owned and administered by FMC is violative
of the ADA;

B.  That the Court enter an Order requiring
FMC to alter its facilities to make it
accessible to and usable by individuals
with disabilities to the full extent
required by Title III of the ADA;

C.  That the Court enter an Order directing
FMC to evaluate and neutralize its
policies, practices and procedures toward
persons with disabilities, for such reasonable
time so as to allow FMC to undertake and
complete corrective procedures;

D.  That the Court award reasonable attorney's
fees, costs (including expert fees) and other
expenses of suit, to the Plaintiff; and

E.  That the Court award such other and further
relief as it deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs demand a trial by jury on all issues so triable
as a matter of right.

Dated this _____ day of February, 2000.

Respectfully submitted,

By: _____
Gregory E. Schwartz, Esq.
Florida Bar No. 95559
Navon, Kopelman, O'Donnell & Lavin, P.A.
Attorneys for Plaintiffs
2699 Stirling Road, Suite B-100
Fort Lauderdale, Florida 33312
Telephone:    (954) 967-2788
Fax :         (954) 983-7021

CIVIL COVER SHEET

**00-6183CIV-GRAHAM**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Access Now, Inc., and Edward Resnick

**DEFENDANT**
FMC PLANTATION LIMITED PARTNERSHIP

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   **DADE**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   **BROWARD**

(EXCEPT IN U.S. PLAINTIFF CASES)

(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-NORTH-6183-DLG/WCT

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gregory E. Schwartz, Esq., Navon, Kopelman, et. al. 2699 Stirling Rd., Ste. B-100
Fort Lauderdale, Florida 33312   (954) 967-2788

ATTORNEYS (IF KNOWN)

**MAGISTRATE JUDGE**
**TURNOFF**

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:

**BROWARD**

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

✔ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** _____ days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| | ☐ 350 Motor Vehicle | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 160 Stockholders' Suits | | B ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 190 Other Contract | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med Malpractice | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| **A REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | B ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation | **PERSONAL PROPERTY** | | | ☐ 890 Other Statutory Actions |
| B ☐ 220 Foreclosure | ☐ 370 Other Fraud | | | * A or B |
| ☐ 230 Rent Lease & Ejectment | B ☐ 371 Truth in Lending | | | |
| ☐ 240 Torts to Land | ☐ 380 Other Personal Property Damage | | | |
| ☐ 245 Tort Product Liability | ☐ 385 Property Damage Product Liability | | | |
| ☐ 290 All Other Real Property | | | | |
| **A CIVIL RIGHTS** | **B PRISONER PETITION** | | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | | |
| ☐ 442 Employment | * ☐ 530 General | | | |
| ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 444 Welfare | * ☐ 540 Mandamus & Other | | | |
| ✔ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | * A or B | | | |

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

✔ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Refiled   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P.23

DEMAND $

Check YES if demanded in complaint
JURY DEMAND: ✔ YES

## VIII. RELATED CASE(S) IF ANY
(See Instructions):

JUDGE

DOCKET NUMBER

DATE 2/1/00

SIGNATURE OF ATTORNEY OF RECORD

Date Paid: 02-03-00   M/ifp: