UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA FORT LAUDERDALE DIVISION

ACCESS NOW, INC., and
EDWARD RESNICK,

        CASE NO.: 00-6183-CIV-GRAHAM

Plaintiffs,

vs.

FMC PLANTATION LIMITED
PARTNERSHIP,

Defendant.
_____/



## DEFENDANT'S ANSWER TO COMPLAINT

COMES NOW the Defendant, FMC PLANTATION LIMITED PARTNERSHIP, and answers the Plaintiff's Complaint as follows:

1. The Defendant admits the allegations contained in paragraph 1.

2. The Defendant admits the allegations contained in paragraph 2.

3. The Defendant is without sufficient knowledge as to the allegations contained in paragraph 3 and therefore denies same and demands strict proof thereof.

4. The Defendant is without sufficient knowledge as to the allegations contained in paragraph 4 and therefore denies same and

1



demands strict proof thereof.

5.   The Defendant admits the allegations contained in paragraph 5.

6.   The Defendant admits the allegations contained in paragraph 6.

7.   The Defendant admits the allegations contained in paragraph 7.

8.   The Defendant admits the allegations contained in paragraph 8.

9.   The Defendant denies the allegations contained in paragraph 9 and demands strict proof thereof.

10.  The Defendant denies the allegations contained in paragraph 9 and demands strict proof thereof.

11.  The Defendant admits the allegations contained in paragraph 11.

12.  The Defendant denies the allegations contained in paragraph 12 and demands strict proof thereof.

13.  The Defendant denies the allegations contained in paragraph 13 and demands strict proof thereof.

14.  The Defendant denies the allegations contained in paragraph 14 and demands strict proof thereof.

15. With regard to the allegations contained in paragraph 15, the Defendant admits the requirements of the laws quoted, and

denies all other allegations in that it was not the owner of the mall at the time of construction or implementation of the laws, but only assumed ownership in 1997, and demands strict proof thereof.

16. The Defendant is without sufficient knowledge as to the allegations contained in paragraph 16 and therefore denies same and demands strict proof thereof.

17. The Defendant is without sufficient knowledge as to the allegations contained in paragraph 17 and therefore denies same and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

18. As and for its First Affirmative Defense, the Defendant states that the ADA remedial actions sought by the Plaintiff are not readily achievable.

19. As and for its Second Affirmative Defense, the Defendant states that the ADA remedial actions sought by the Plaintiff are not reasonable.

WHEREFORE having fully answered the Plaintiff's Complaint, the Defendant demands judgment be entered in its favor.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by U.S. mail to: GREGORY E. SCHWARTZ, ESQUIRE, Navon, Kopelman, O'Donnell & Lavin, P.A., Attorneys for Plaintiffs, 2699 Stirling Road, Suite B-100, Fort Lauderdale, Florida 33312,

this ____ day of October, 2000.

                                              DOUMAR, ALLSWORTH, CURTIS,
CROSS, LAYSTROM, PERLOFF,
VOIGT, WACHS & MAC IVER
Attorneys for Defendant
1177 S.E. 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 762-3400

By: _____
    JOHN D. VOIGT, ESQUIRE
    Florida Bar No. 0317764