UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA FORT LAUDERDALE DIVISION

ACCESS NOW, INC., and
EDWARD RESNICK,

    Plaintiffs,                    CASE NO.: 00-6183-CIV-GRAHAM

vs.                                    MAGISTRATE JUDGE TURNOFF

FMC PLANTATION LIMITED
PARTNERSHIP,

    Defendant.
_____/

JAN 23 2001

## JOINT PRETRIAL STIPULATION

Plaintiffs, Access Now, Inc. and Edward Resnick (Plaintiffs), and Defendant FMC Plantation Limited Partnership, by and through their respective undersigned attorneys, hereby file their Joint Pretrial Stipulation and state as follows:

I.    **STATEMENT OF THE CASE**

    A.    **Plaintiffs' Statement of the Case**

The Plaintiffs have sued Defendant, the owner and operator of a shopping mall known as the "Fashion Mall at Plantation" to seek compliance with the Americans with Disabilities Act ("ADA") and its accessibility regulations ("ADAAG"). Specifically, Plaintiffs claim that Defendant was required to remove architectural barriers to the disabled at its facility so that individuals with disabilities will not be excluded, denied services, segregated, or otherwise treated differently than other individuals in the use and enjoyment of the Defendant's place of public accommodation and that these architectural barriers were not removed as of the filing of this lawsuit. Furthermore, the Plaintiffs contend that It

was readily achievable and technically feasible to remove most of these architectural barriers. The Plaintiffs attempted to gain access to the Defendant's premises and was denied full and safe access and the full enjoyment of the premises due to its lack of compliance with the ADAAG.

A non-exclusive list of Defendant's alleged ADA violations include:

A. There are not a sufficient number of parking spaces which meet the requirement of Section 4.6 of the ADA. Additionally, many of the access isles adjacent to the alleged accessible spaces are not in compliance with the ADA.

B. There are not curb ramps nor an accessible path of travel near many of the alleged accessible parking spaces.

C. At the Macy's entrance from the parking garage on the third floor, the ramp is sloped at an angle which is higher than permitted by the ADA in Section 4.13.6 and Section 4.8.2. Additionally, there are no hand rails on this ramp which is in violation of Section 4.8.5 of the ADA.

D. At the mall entrance on the third level of the parking garage the two ramps of the entrance doors do not have sufficient hand rails. This is in violation of Section 4.8.5 of the ADA.

E. There is no accessible path of travel from the parking spaces on the fifth level of the garage to the shopping mall.

F. The men's toilet stall in the restroom on the ground floor has no door handle on the inside of the stall in violation of the ADA. Additionally, the coat hook is too high and the lavatory drain pipe projects off the fixture wall by a distance which is greater than is permitted by the ADA.

G. There are no accessible TDD equipped telephones in the mall. This is in violation of the ADA.

H. No section of the service counter in the mall office on the ground level is accessible in that electronic equipment has been permanently placed at the lower section of the counter, preventing employees from being able to provide service to patrons at that location.

I. The men's restroom at the North end of the ground level does not have a standard accessible toilet stall. The toilet paper dispenser is mounted above the grab bar preventing use of the grab bar. The urinals are higher than the maximum height for an accessible urinal and there is no accessible lavatory in this restroom. Additionally, the latch side clear maneuvering space at the pull side of the door to this restroom is too wide, in violation of Section 4.13.6 of the ADA.

J. The elevator in the mall does not have audible signals which are at such a level that they can be heard over the noise generated by the fountain at the location of this elevator.

K. On the second floor by Lord & Taylor department store, the drinking fountain is not accessible by people with disabilities in that a pipe is located under the required fountain knee space.

L. On both the second and third floor, the paths of travel from the elevator to stores south of the elevator contain ramps. These ramps have no handrails in violation of Section 4.8.5 of the ADA.

M. In the food court on the third level, the food service counters are significantly higher than the maximum height allowed by Section 7 of the ADA. None of these counters had lower sections nor were any auxiliary counters provided.

B. **Defendant's Statement of the Case**

Defendant has denied Plaintiffs' operative allegations. Defendant also asserts as affirmative defenses that:

    i.    The ADA remedial actions sought by Plaintiffs are not readily achievable; and

    ii.    The ADA remedial actions sought by Plaintiffs are not reasonable

In addition, Defendant states that it does not have the financial resources or ability to take the demanded remedial actions.

## II. BASIS OF FEDERAL JURISDICTION

The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1342 for Plaintiffs' claims arising under 42 U.S.C. §§12181, et seq.

## III. PLEADINGS RAISING THE ISSUE

The pleadings raising the issues are Plaintiffs' Complaint and Defendant's Answer and Affirmative Defenses.

**IV.    UNDISPOSED MOTIONS**

None

**V.     STATEMENT OF UNCONTESTED FACTS**

1. Defendant, FMC PLANTATION LIMITED PARTNERSHIP is a Florida Limited Partnership which is authorized to transact and which transacts business in Florida. Defendant owns and operates a shopping mall doing business as the "Fashion Mall at Plantation" The shopping mall is a place of public accommodation.

**VI.    STATEMENT OF CONTESTED FACTS**

The parties agree that the issues of fact to be tried are as follows:

   a. Facts establishing the specific violations of the ADA and the ADA Accessibility Guidelines promulgated thereunder and the necessary alterations and modifications to rectify the violations;

   b. Facts establishing the specific construction on and renovations and modifications to the subject building and facilities since the ADA became effective, and which areas of the subject buildings and facilities have not been altered since the ADA became effective; and

    c.    The amount of attorneys' and expert's fees and costs to be awarded to Plaintiffs.

    d.    Facts establishing which of the Plaintiffs allegations are subject to the Defendant's affirmative defenses.

## VII. STATEMENT OF UNCONTESTED ISSUES OF LAW

The parties agree that the applicable law is the Americans With Disabilities Act, of 42 U.S.C. §§ 12181, *et seq*. The parties further agree that:

    a.    Pursuant to 42 U.S.C. §12181(7); 28 CFR §36.104, the buildings and related premises and facilities which are the subject of this action are public accommodations covered by the ADA;

    b.    The congressional legislation provided commercial businesses one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §12181; 28 CFR §36.508(a).

    c.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR Part 36.

## VIII. STATEMENT OF CONTESTED ISSUES OF LAW

The parties agree that the remaining issues of law to be decided are as follows:

    a)    What alleged alterations and modifications, if any, the Defendant needs to make to the subject building and facilities to bring them into compliance with the ADA and ADA Accessibility Guidelines;

    b)    When the Defendant should be required to complete the alterations and modifications to the subject building and facilities.

    c)    Whether the Defendant has the financial ability to take the necessary remedial action.

## IX. EXHIBIT LISTS

Plaintiffs' Exhibit List is attached hereto as Exhibit A.

Defendant's Exhibit List is attached hereto as Exhibit B.

## X. WITNESS LISTS

Plaintiffs' Witness List is attached hereto as Exhibit C.

Defendant's Witness List is attached hereto as Exhibit D.

## XI. ESTIMATED TRIAL TIME

The parties estimate that trial will take approximately three days.

## XII. ATTORNEYS' AND EXPERT'S FEES

Plaintiffs estimate that to date allowable attorneys' and expert's fees, litigation expenses and costs are approximately $10,000. Plaintiffs will seek an award from Defendant for all attorneys' and expert's fees, plus an appropriate multiplier, and all litigation expenses and costs incurred in this matter.

Date: January 22, 2001

Respectfully submitted,

NAVON, KOPELMAN, O'DONNELL & LAVIN, P.A.
ATTORNEY FOR PLAINTIFFS
2699 Stirling Road, Suite B-100
Fort Lauderdale, FL 33312
Telephone: (954) 967-2788
Facsimile: (954) 983-7021

By: _____
      Gregory E. Schwartz, Esq.
      Florida Bar No. 95559


DOUMAR, ALLSWORTH, et al.
Attorney for Defendant,
1177 S.E. 3rd Avenue
Fort Lauderdale, FL 33316
(954) 762-3400


By: _____
      John D. Voight, Esq.
      Florida Bar No. 0317764

By: _____
Gregory E. Schwartz, Esq.
Florida Bar No. 95559

DOUMAR, ALLSWORTH, et al.
Attorney for Defendant,
1177 S.E. 3rd Avenue
Fort Lauderdale, FL 33316
(954) 762-3400

By: _____
John D. Voight, Esq.
Florida Bar No. 0317764

-9-