UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.: 00-6183-CIV-GRAHAM/TURNOFF

ACCESS NOW, INC., and
EDWARD RESNICK,

     Plaintiffs,

vs.

FMC PLANTATION LIMITED
PARTNERSHIP,

     Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL DATE

COMES NOW the Defendant, FMC PLANTATION LIMITED PARTNERSHIP, pursuant to the Federal Rules of Civil Procedure, Local Rule 7.6, and paragraph 10 of the Court's Scheduling Order Setting Pretrial Conference and Trial Dates dated October 6, 2000, and moves this Honorable Court for an Order continuing the trial date in this matter, and as grounds therefore states:

1.    Pursuant to the Court's Scheduling Order, this cause is placed on a two-week trial calendar beginning Monday, February 26, 2001.

2.    Pursuant to the Scheduling Order, the deadline for filing

1



a Motion for Continuance is twenty (20) days prior to the beginning of the trial period, or on or before Tuesday, February 6, 2001.

3.  The Plaintiff has no objection to the Defendant's Motion for Continuance given the unusual circumstances.

4.  Pursuant to Rule 7.6, the Defendant asserts that exceptional circumstances do exist and has submitted affidavit of counsel in support hereof. The affidavit is attached hereto, made a part hereof, and labeled Exhibit "A."

5.  The affidavit states that FMC Plantation Limited Partnership is the owner of the Fashion Mall at Plantation which is the property which is the subject of this action.

6.  Currently the mortgagee for the property, Wells Fargo Bank, has instituted a foreclosure action and has filed a Motion for Summary Judgment. The hearing on the Motion for Summary Judgment is scheduled for Thursday, February 15, 2001. A copy of the mortgagee's Motion for Summary Judgment of Foreclosure is attached hereto, made a part hereof, and labeled Exhibit "B." A copy of the Notice of Hearing for the Plaintiff's Motion for Summary Judgment is attached hereto, made a part hereof, and labeled Exhibit "C."

2

7.   It is anticipated that the Motion for Summary Judgment will be granted by the Court and that a sale date for the property will be scheduled between 30 and 60 days thereafter.   It is anticipated that the Defendant in this action will no longer be the owner of the property which is the subject matter of the pending case.

8.   There are significant issues as to whether a foreclosing mortgagee would be bound by any Stipulation for Settlement entered into by the prior owner of the property or any judgment assessed against the prior property owner.

9.   The Defendant certifies that this Motion for Continuance is for good cause and not for the purpose of delay.   Further, the Plaintiff will not be prejudiced by the granting of the continuance, but rather both the Plaintiff's objectives and the ends of justice will be served by the granting of a continuance.

WHEREFORE the Defendant respectfully prays this Honorable Court enter an Order continuing the trial date in this matter from the February 26, 2001 docket to a later date following the resolution of the pending foreclosure action.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by facsimile and U.S. mail to:  GREGORY E. SCHWARTZ, ESQUIRE, Navon, Kopelman, O'Donnell & Lavin, P.A., Attorneys for

3

Plaintiffs, 2699 Stirling Road, Suite B-100, Fort Lauderdale, Florida 33312, this 23rd day of January, 2001.

> DOUMAR, ALLSWORTH, CURTIS,
> CROSS, LAYSTROM, PERLOFF,
> VOIGT, WACHS & MAC IVER
> Attorneys for Defendant
> 1177 S.E. 3rd Avenue
> Fort Lauderdale, Florida 33316
> Telephone: (954) 762-3400
>
>
> By: _____
> JOHN D. VOIGT, ESQUIRE
> Florida Bar No. 0317764

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.: 00-6183-CIV-GRAHAM/TURNOFF

ACCESS NOW, INC., and
EDWARD RESNICK,

     Plaintiffs,

vs.

FMC PLANTATION LIMITED
PARTNERSHIP,

     Defendant.

_____/

### DEFENDANT'S AFFIDAVIT IN SUPPORT OF MOTION FOR CONTINUANCE

STATE OF FLORIDA  )
                    cc:
COUNTY OF BROWARD )

    BEFORE ME, the undersigned authority, personally appeared JOHN D. VOIGT, ESQUIRE, who after being duly sworn, on oath, deposes and says:

    1. I am counsel for the Defendant in the above-styled action.

    2. I have verified that a Motion for Summary Final Judgment has been filed in the pending state court foreclosure action and is scheduled for hearing on Thursday, February 15, 2001.

    3. Although refinancing efforts have been underway for quite some time, it is counsel's understanding that nothing is imminent and it is likely that the Summary Judgment of Foreclosure will be

1

granted.

4.    With the potential change of ownership of the property, the interest of all parties would best be served by continuance of the trial date so that the matter regarding ownership and financing may be resolved and the appropriate party may be the subject of a Stipulation for Settlement with the Plaintiff or of a judgment by the Court.

5.    FURTHER AFFIANT SAYETH NAUGHT.

_____
JOHN D. VOIGT, ESQUIRE

    The foregoing instrument was sworn to and subscribed before me this ___ day of _____, 20__, by John D. Voigt, who is personally known to me or who has produced _____ _____ as identification.

                    NOTARY PUBLIC:


                    Sign _____

                    Print _____
                    State of Florida at Large
                    Commission No.:_____
                    My Commission Expires:

2

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## STATE OF FLORIDA, IN AND FOR BROWARD COUNTY
## CIRCUIT CIVIL DIVISION

WELLS FARGO BANK, N.A.,

     Plaintiff,                                CASE NO. 00-9984

vs.                                     DIVISION CACE-04

FMC PLANTATION LIMITED PARTNERSHIP,
a Florida limited partnership, through its general
partners Fashion Mall Realty, Inc.; FMC REALTY,
INC.; FASHION MALL REALTY, INC., an Illinois
corporation, as General Partner of FMC
Plantation Limited Partnership; FMC REALTY, INC.,
a Florida corporation, as General Partner of FMC
Plantation Limited Partnership; K-LAND
CONSTRUCTION, INC., a Florida corporation;
O-SCO CONSTRUCTION CORP., a Florida
corporation; FPI CONSTRUCTION, INC., a
Texas corporation; ALLIED ENVIRONMENTAL,
a Florida corporation; and WELLS FARGO BANK, N.A.,

     Defendants.

_____/



### PLAINTIFF WELLS FARGO BANK, N.A.'S
### MOTION FOR FINAL SUMMARY JUDGMENT

Plaintiff, WELLS FARGO BANK, N.A., ("Wells Fargo") by and through its undersigned

counsel and pursuant to Rule 1.510, Fla. R. Civ. P., moves this Court for the entry of a final

summary judgment against Defendants, FMC PLANTATION LIMITED PARTNERSHIP

("FMC"); FMC REALTY, Inc. ("FMCRI"); FASHION MALL REALTY, INC. ("FMRI"); K-

LAND CONSTRUCTION, INC., ("K-Land"); O-SCO CONSTRUCTION CORP. ("O-SCO");

FPI CONSTRUCTION, INC. ("FPI"); and ALLIED ENVIRONMENTAL, ("Allied").   As

grounds therefor, Wells Fargo will show the Court that the pleadings filed in this case, together

with the affidavit filed in support of this Motion, show that there is no genuine issue as to any

EXHIBIT "B"

material fact and that Wells Fargo is entitled to final summary judgment as a matter of law. The undisputed facts upon which this motion is based and the substantial matters of law to be argued are set forth as follows:

## UNDISPUTED FACTS

Wells Fargo submits that the following facts are undisputed and entitle Wells Fargo to entry of an order of final judgment of foreclosure:

1. On July 11, 1997, FMC and Wells Fargo entered into a Senior Loan Agreement. A true and correct copy of the Senior Loan Agreement is attached to the Verified Complaint as EXHIBIT "A".

2. As part of the terms of the Senior Loan Agreement, Wells Fargo, both individually and as agent for unknown lenders, agreed to lend FMC up to $30,000,000.00.

3. On July 11, 1997, FMC, by and through its general partner, executed and delivered to Wells Fargo, a Senior Loan Agreement Promissory Note Secured by Senior Mortgage (the "Senior Note") in the principal amount of Thirty Million Dollars ($30,000,000.00). A true and correct copy of the Senior Note is attached to the Verified Complaint as EXHIBIT "B".

4. On or about July 11, 1997, to secure the indebtedness evidenced by the Senior Note, FMC, by and through its general partner, executed and delivered to Wells Fargo, a Senior Loan Agreement Mortgage, with Absolute Assignment of Leases and Rents, Security Agreement, Assignment of Equipment Leases, Assignment of Permits and Fixture Filing (collectively, the "Senior Mortgage"). The Senior Mortgage was recorded on July 17, 1997 in Official Records Book 26728, Page 0678, Public Records of Broward County, Florida. Among other things, the Senior Mortgage grants Wells Fargo a mortgage on real property located in

Broward County, Florida, (the "Real Property") as more particularly described in the Senior Mortgage. A true and correct copy of the Senior Mortgage is attached to the Verified Complaint as EXHIBIT "C".

5.    To perfect the security interest granted to Wells Fargo under the Senior Mortgage, FMC executed and delivered to Wells Fargo two (2) Uniform Commercial Code Financing Statements ("UCC-1") which were recorded on July 17, 1997 in Official Records Book 26728, Page 0717, and Official Records Book 26728, Page 0723, Public Records of Broward County, Florida. Also, in order to perfect the security interest granted to Wells Fargo under the Senior Mortgage, FMC executed and delivered to Wells Fargo a UCC-1 which was filed with the Secretary of State for the State of Florida on July 22, 1997, under File No. 970000161972. True and correct copies of the three (3) UCC1s described in this paragraph are attached to the Verified Complaint as Composite EXHIBIT "D".

6.    On December 24, 1997, FMC and Wells Fargo entered into a First Amendment to Senior Loan Agreement, a true and correct copy of which is attached to the Verified Complaint as EXHIBIT "E".

7.    On March 24, 1999, FMC and Wells Fargo entered into a Second Amendment to Senior Loan Agreement, a true and correct copy of which is attached to the Verified Complaint as EXHIBIT "F".

8.    On or about March 16, 1999, FMC executed and delivered to Wells Fargo, a First Amendment to the Senior Mortgage which was recorded on April 16, 1999 in Official Records Book 29385, Page 1099, Public Records of Broward County, Florida. A true and correct copy of the First Amendment described in this paragraph is attached to the Verified Complaint as EXHIBIT "G".

9.      On or about October 21, 1999, FMC and Wells Fargo entered into a Third Amendment to Senior Loan Agreement, a true and correct copy of which is attached to the Verified Complaint as EXHIBIT "H".

10.     On or about October 21, 1999, FMC executed and delivered to Wells Fargo a Second Amendment to the Senior Mortgage which was recorded on October 28, 1999, in Official Records Book 29975, Page 0547, Public Records of Broward County, Florida. A true and correct copy of the Second Amendment described in this paragraph is attached to the Verified Complaint as EXHIBIT "I".

11.     Wells Fargo is the owner and holder of the Senior Note; the Senior Mortgage together with the two amendments thereto, and the UCC1s which, together with the Senior Loan Agreement and the three amendments thereto constitute the Senior Loan Documents.

12.     Wells Fargo has a perfected first lien against the Real Property.

13.     FMC defaulted under the Senior Loan Documents by failure to make the payment of all outstanding monies due upon the Senior Loan's maturity on January 31, 2000.

14.     On April 19, 2000, Wells Fargo made written demand upon FMC for payment of the Senior Loan. A copy of the Demand Letter is attached to the Verified Complaint as EXHIBIT "J".

15.     There is currently due and owing Wells Fargo, under the Senior Loan, a total of $31,924,849.86, which is described more fully in the Affidavit in Support of Plaintiff Wells Fargo Bank N.A.'s Motion for Final Summary Judgment, the original of which was filed with the Motion and a copy of which is attached as Exhibit "A".

16.     Wells Fargo has a valid and properly perfected first security interest lien against the personal property encumbered by the Senior Loan Documents, which property is more

particularly described in the Senior Loan Documents (collectively, the "Senior Personal Property").

17.    On July 11, 1997, FMC and Wells Fargo entered into a Junior Loan Agreement. A true and correct copy of the Junior Loan Agreement is attached to the Verified Complaint as EXHIBIT "K".

18.    As part of the terms of the Junior Loan Agreement, Wells Fargo, both individually and as agent for unknown lenders, agreed to lend FMC up to $38,367,000.00.

19.    On July 11, 1997, FMC executed and delivered to Wells Fargo a Junior Loan Agreement Promissory Note Secured by Junior Mortgage (the "Junior Note") in the principal amount of Thirty Eight Million Three Hundred Sixty Seven Thousand Dollars ($38,367,000.00). A true and correct copy of the Junior Note is attached to the Verified Complaint as EXHIBIT "L".

20.    On or about July 11, 1997, to secure the indebtedness evidenced by the Junior Note, FMC executed and delivered to Wells Fargo a Junior Loan Agreement Construction Mortgage, with Absolute Assignment of Leases and Rents, Security Agreement, Assignment of Equipment Leases, Assignment of Permits and Fixture Filing (the "Junior Mortgage"). The Junior Mortgage was recorded on July 17, 1997 in Official Records Book 26728, Page 0726, Public Records of Broward County, Florida. Among other things, the Junior Mortgage grants Wells Fargo a mortgage on the Real Property as more particularly described in both the Senior Mortgage and the Junior Mortgage. A true and correct copy of the Junior Mortgage is attached to the Verified Complaint as EXHIBIT "M".

21.    To perfect the security interest granted to Wells Fargo under the Junior Mortgage, FMC executed and delivered to Wells Fargo two (2) UCC-1s which were recorded on July 17,

1997 in Official Records Book 26728, Page 0771, and Official Records Book 26728, Page 0765,
Public Records of Broward County, Florida.   Also, in order to perfect the security interest
granted to Wells Fargo under the Junior Mortgage, FMC executed and delivered to Wells Fargo,
a UCC-1 which was filed with the Secretary of State for the State of Florida on July 22, 1997,
under File No. 970000161975.   True and correct copies of the three UCC-1s described in this
paragraph are attached to the Verified Complaint as Composite EXHIBIT "N".

22.    On December 24, 1997, FMC and Wells Fargo entered into a First Amendment to
Junior Loan Agreement, a true and correct copy of which is attached to the Verified Complaint
as EXHIBIT "O".

23.    On or about March 16, 1999, FMC executed and delivered to Wells Fargo, a First
Amendment to the Junior Mortgage which was recorded on April 16, 1999 in Official Records
Book 29385, Page 1106, Public Records of Broward County, Florida.   A true and correct copy of
the First Amendment described in this paragraph is attached to the Verified Complaint as
EXHIBIT "P".

24.    On March 24, 1999, FMC and Wells Fargo entered into a Second Amendment to
Junior Loan Agreement, a true and correct copy of which is attached to the Verified Complaint
as EXHIBIT "Q".

25.    On or about October 21, 1999, FMC and Wells Fargo entered into a Third
Amendment to Junior Loan Agreement, a true and correct copy of which is attached to the
Verified Complaint as EXHIBIT "R".

26.    On or about October 21, 1999, FMC executed and delivered to Wells Fargo a
Second Amendment to Junior Mortgage which was recorded on October 28, 1999, in Official
Records Book 29975, Page 0554, Public Records of Broward County, Florida.   A true and

correct copy of the Second Amendment described in this paragraph is attached to the Verified Complaint as EXHIBIT "S".

27.    Wells Fargo is the owner and holder of the Junior Note; the Junior Mortgage together with the two amendments thereto, and the UCC1s which, together with the Junior Loan Agreement and the three amendments thereto, constitute the Junior Loan Documents.

28.    Wells Fargo has a perfected lien against the Real Property.

29.    FMC defaulted under the Junior Loan Documents by failure to make the payment of all outstanding monies due upon the Junior Loan's maturity on January 31, 2000.

30.    On April 19, 2000, Wells Fargo made written demand upon FMC for payment of the Junior Loan. A copy of the Demand Letter is attached as EXHIBIT "J".

31.    On June 8, 2000, American Multi-Cinema, Inc. made presentment to Wells Fargo on Letter of Credit No. NZS291084 (the "Letter of Credit") in the amount of $750,000.00. Wells Fargo honored the presentment on June 9, 2000. There remains due and owing from FMC to Wells Fargo the principal amount of $313,318.00 together with interest from June 9, 2000, as a result of Wells Fargo's honoring of the presentment of the Letter of Credit.

32.    There is currently due and owing Wells Fargo under the Junior Loan, $18,859,855.93, which is described more fully in the Affidavit in Support of Plaintiff Wells Fargo Bank N.A.'s Motion for Final Summary Judgment, the original of which was filed with the Motion and a copy of which is attached as Exhibit "A".

33.    Wells Fargo has a valid and properly perfected security interest lien against the personal property encumbered by the Junior Loan Documents, which property is more particularly described in the Junior Loan Documents (collectively, the "Junior Personal Property").

34.    On July 21, 2000, a Clerk's Default was entered against Defendants K-Land, O-SCO, FPI, and Allied.

## SUBSTANTIAL MATTERS OF LAW

Wells Fargo asserts the following substantial matters of law which entitle Wells Fargo to entry of an order of final judgment of foreclosure:

35.    Wells Fargo's valid and properly perfected first security interest lien against the real and personal property encumbered by the Senior Loan Documents and the Junior Loan Documents is superior to any interest held by any other party.  Specifically, Wells Fargo states that:

(a)    FMC is presently the fee simple record owner of the Real Property, Senior Personal Property, and Junior Personal Property, and is in possession thereof, but said interest is junior, inferior, and subordinate in every way to the interest and lien of the Senior Loan Documents and Junior Loan Documents being foreclosed.

(b)    Defendant FMRI may claim an interest in the Real Property, Senior Personal Property, and Junior Personal Property, and is in possession thereof, but any such interest is junior, inferior, and subordinate in every way to the interest and lien of the Senior Loan Documents and Junior Loan Documents being foreclosed.

(c)    Defendant FMCRI may claim an interest in the Real Property, Senior Personal Property, and Junior Personal Property, but any such interest is junior, inferior, and subordinate in every way to the interest and lien of the Senior Loan Documents and Junior Loan Documents being foreclosed.

(d) Defendant O-SCO may claim an interest in the Real Property pursuant to the Notice of Commencement recorded in Official Records Book 30357, Page 0095 of the Public Records of Broward County, Florida. Any right, title, interest, or claim O-SCO might have in or against the Real Property is junior, inferior, and subordinate in every way to the interest and liens of the Senior Loan Documents and Junior Loan Documents being foreclosed.

(e) Defendant K-Land may claim an interest in the Real Property pursuant to a Notice of Commencement recorded in Official Records Book 30384, Page 0247 of the Public Records of Broward County, Florida. Any right, title, interest, or claim K-Land might have in or against the Real Property is junior, inferior, and subordinate in every way to the interest and liens of the Senior Loan Documents and Junior Loan Documents being foreclosed.

(f) Defendant FPI may claim an interest in the Real Property pursuant to a Notice of Commencement recorded in Official Records Book 29934, Page 0052 of the Public Records of Broward County, Florida. Any right, title, interest, or claim FPI might have in or against the Real Property is junior, inferior, and subordinate in every way to the interest and liens of the Senior Loan Documents and Junior Loan Documents being foreclosed.

(g) Defendant Allied may claim an interest in the Real Property pursuant to a Notice of Commencement recorded in Official Records Book 30016, Page 1767 of the Public Records of Broward County, Florida. Any right, title, interest, or claim Allied might have in or against the Real Property is junior, inferior, and subordinate in every way to the interest and liens of the Senior Loan Documents and Junior Loan Documents being foreclosed.

36.    All conditions precedent have occurred or been waived.

37.    FMC's affirmative defenses fail as a matter of law.

WHEREFORE, Plaintiff, Wells Fargo Bank, prays for the following relief:

(a) That this Court determine the amount of all sums due Wells Fargo pursuant to the terms of the Senior Loan Documents and Junior Loan Documents, including principal, interest, penalties, late fees, all sums advanced by Wells Fargo for the protection and preservation of the Real Property, Senior Personal Property, and Junior Personal Property, plus the costs, expenses, and reasonable attorneys' fees incurred by Wells Fargo in the preparation and prosecution of this action;

(b) That final summary judgment be entered in favor of Wells Fargo and against FMC, FMCRI, FMRI, K-Land, O-SCO, FPI, and Allied directing that the sums found to be due Wells Fargo be paid to Wells Fargo within a certain time set and established by the Court, and if such sums are not so paid, that the Real Property, Senior Personal Property, and Junior Personal Property be sold under judgment of foreclosure and sale pursuant to §45.031, Florida Statutes (1997), and the proceeds of such sale be applied to amounts found to be due Wells Fargo, and that any right, title, interest, or claim of any of the Defendants, and all persons or entities claiming any right, title, interest or claim in the Real Property, Senior Personal Property, and Junior Personal Property by, through, under or against the Defendants, since the filing of the Notice of Lis Pendens herein, be barred and foreclosed; and

(c) That the Court retain jurisdiction of this matter and grant Wells Fargo such other and further relief as it deems just and appropriate, including issuance of writs of possession.

W. Keith Fendrick       FBN 612154
ANNIS, MITCHELL, COCKEY,
    EDWARDS & ROEHN, P.A.
Post Office Box 3433
Tampa, Florida 33601
 (813) 229-3321
 (813) 223-9067 (FAX)
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing has been furnished by U.S. Mail this 4th day of January, 2001, to Stuart J. MacIver, Esq., 1177 Southeast Third Avenue, Fort Lauderdale, Fl 33063

_____
Attorney

#750442 v3 - 5291.011

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
STATE OF FLORIDA, IN AND FOR BROWARD COUNTY
CIRCUIT CIVIL DIVISION**

WELLS FARGO BANK, N.A.,

      Plaintiff,                                     CASE NO. 00-9984

vs.                                                       DIVISION CACE-04

FMC PLANTATION LIMITED PARTNERSHIP,
a Florida limited partnership, through its general
partners Fashion Mall Realty, Inc.; FMC REALTY,
INC.; FASHION MALL REALTY, INC., an Illinois
corporation, as General Partner of FMC
Plantation Limited Partnership; FMC REALTY, INC.,
a Florida corporation, as General Partner of FMC
Plantation Limited Partnership; K-LAND
CONSTRUCTION, INC., a Florida corporation;
O-SCO CONSTRUCTION CORP., a Florida
corporation; FPI CONSTRUCTION, INC., a
Texas corporation; ALLIED ENVIRONMENTAL,
a Florida corporation; and WELLS FARGO BANK, N.A.,

      Defendants.
_____/

**AFFIDAVIT IN SUPPORT OF PLAINTIFF
WELLS FARGO BANK, N.A.'S
MOTION FOR FINAL SUMMARY JUDGMENT**

STATE OF CALIFORNIA
COUNTY OF ORANGE

      BEFORE ME, the undersigned authority, who is authorized to take acknowledgments

and administer oaths, personally appeared Francis J. Huttlinger who, being of legal age and

being otherwise legally competent, deposes and says of personal knowledge:

      1.     I am the Vice President of Wells Fargo Bank, N.A. ("Wells Fargo"), the Plaintiff

in this action, and am authorized to make this Affidavit on behalf of Wells Fargo.


Exhibit "A"

2.      I have read the Verified Complaint in this action, and attest that each and every allegation contained therein is true and correct.

3.      I have reviewed all Senior Loan Documents and all Junior Loan Documents attached to the Verified Complaint, and attest that each and every document pertaining thereto is a true and accurate copy.

4.      I have reviewed the records of Wells Fargo kept in the ordinary course of its business and state from my personal knowledge based upon that review, as well as my personal knowledge of the procedures and policies of Wells Fargo, that with respect to the Senior Note, that as of December 19, 2000 there is currently due and owing Wells Fargo the total amount of $31,924,849.96 broken down as follows:

| | |
|---|---|
| Principal: | $30,000,000.00 |
| Interest: | 1,830,000.00 |
| Late Charges: | 94,349.06 |
| Match Funding Fee: | 500.00 |

5.      In addition to the above, there is due, owing and unpaid interest, which continues to accrue at the rate of $7,916.67 per day ("Per Diem") from December 19, 2000. Said Per Diem is subject to change pursuant to the terms set forth in the Senior Note.

5.      I have reviewed the records of Wells Fargo kept in the ordinary course of its business and state from my personal knowledge based upon that review, as well as my personal knowledge of the procedures and policies of Wells Fargo, that with respect to the Junior Note,

///

///

///

that as of December 19, 2000 there is currently due and owing Wells Fargo the total amount of $18,859,855.93, broken down as follows:

| | |
|---|---|
| Principal: | $17,583,126.94 |
| Interest: | 1,215,225.74 |
| Late Charges: | 61,503.25 |

7.    In addition to the above, there is due, owing and unpaid interest, which continues to accrue at the rate of $5,201.68 per day ("Per Diem") from December 19, 2000. Said Per Diem is subject to change pursuant to the terms set forth in the Junior Note.

6.    I am familiar with the events of default herein, and have reviewed all letters and notices attached to the Verified Complaint regarding default. I attest that each and every document pertaining thereto is a true and accurate copy.

7.    I have reviewed again all my statements above and each of them is true and accurate.

FURTHER AFFIANT SAYETH NOT.

_Franc_  _Huttlinger_
Francis J. Huttlinger

SWORN TO AND SUBSCRIBED before me this 2ND day of January 2001, by HNCIS J. Huttlinger as Vice President of WELLS FARGO BANK, N.A., who is personally known to me or who produced _____ N/A _____ as identification.

_Eileen M. Noyes_
NOTARY PUBLIC
My Commission Expires: 8/31/2002

ELEEN M. NOYES
Commission # 1195217
Notary Public - California
Orange County
My Comm. Expires Aug 31, 2002

-3-

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## STATE OF FLORIDA, IN AND FOR BROWARD COUNTY
## CIRCUIT CIVIL DIVISION

WELLS FARGO BANK, N.A.,

      Plaintiff,

vs.

FMC PLANTATION LIMITED PARTNERSHIP,
a Florida limited partnership, through its general
partners Fashion Mall Realty, Inc.; FMC REALTY,
INC., FASHION MALL REALTY, INC., an Illinois
corporation, as General Partner of FMC
Plantation Limited Partnership; FMC REALTY, INC.,
a Florida corporation, as General Partner of FMC
Plantation Limited Partnership; K-LAND
CONSTRUCTION, INC., a Florida corporation;
O-SCO CONSTRUCTION CORP., a Florida
corporation; FPI CONSTRUCTION, INC., a
Texas corporation, ALLIED ENVIRONMENTAL,
a Florida corporation, and WELLS FARGO BANK, N.A.,

      Defendants.

_____/

CASE NO. 00-9984

DIVISION CACE-04

### NOTICE OF HEARING

    PLEASE TAKE NOTICE that the following motion will be called up for telephonic hearing

before Honorable Patricia W. Cocalis Judge, in Chambers at the Broward County Courthouse, 201 S.E.

6th Street, Ft. Lauderdale, Florida  33301, on February 15, 2001 at 9:45 a.m., or as soon thereafter as

counsel may be heard:  Motion for Summary Final Judgment.

    TIME RESERVED:  15 minutes.

    PLEASE BE GOVERNED ACCORDINGLY.



EXHIBIT "C"

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing has been mailed by U.S. Mail this ___ day of _____, 2001, to Stuart J. MacIver, Esq., 1177 Southeast Third Avenue, Fort Lauderdale, FL 33063.

W. Keith Fendrick   FBN 612154
ANNIS, MITCHELL, COCKEY,
EDWARDS & ROEHN, P.A.
Post Office Box 3433
Tampa, Florida  33601
Attorneys for Plaintiff
(813) 229-3321
(813) 223-9067 (FAX)

cc:    Honorable Patricia W. Cocalis (w/copy of motion)
#739071 v1 - 5291-014

-2-